# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ALFRED McZEAL, JR., d/b/a | § | |
| World Wide Walkie Talkie, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3915 |
| | § | |
| FASTMOBILE, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Fastmobile, Inc.'s Motion to Dismiss
for Lack of Personal Jurisdiction and Improper Venue [Doc. # 16], to which Plaintiff
Alfred McZeal, Jr. filed a Response [Doc. # 23], and Fastmobile filed a Reply [Doc.
# 29]. Based on the Court's review of the full record in this case and the application
of governing legal authorities, the Court grants Defendant's Motion to Dismiss for Lack
of Personal Jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is the owner of the federally-registered trademark "World
Wide Walkie Talkie" and the owner of a United States Patent covering walkie-talkie
technology. Defendant is a Delaware corporation with its principal place of business

in Illinois.  Fastmobile's primary business is the creation and commercialization of

software for cellular telephones, personal digital assistants, and computers.

Plaintiff filed his *pro se* Complaint[1] against Fastmobile and "Does 1 through

1000" for patent and trademark infringement, trademark dilution, false marketing,

unfair competition, conspiracy, RICO violations, civil rights violations, fraud,

conversion, negligent misrepresentation, tortious interference, unjust enrichment, and

negligence.

Fastmobile filed its Motion to Dismiss for Lack of Personal Jurisdiction and

Improper Venue.[2]  Plaintiff has neither identified nor served "Does 1 through 1000."

The pending motion has been fully briefed and is ripe for decision.

## II.  <u>ANALYSIS</u>

Fastmobile has challenged personal jurisdiction in this case and, therefore,

McZeal, as the party seeking to invoke the Court's jurisdiction, must make a *prima*

*facie* showing that jurisdiction exists.  *See Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d

---

[1]     Plaintiff is a seasoned *pro se* litigator.  He has filed on a *pro se* basis no fewer than seventeen
civil lawsuits and bankruptcy proceedings.  Also, he has previously been advised about the
requirements for personal jurisdiction.  In one of Plaintiff's prior civil lawsuits, Civil Action
No. H-04-4786 filed in this Court against Southern Consumers Coop Inc. and others, the
Court explained to Plaintiff that it did not have personal jurisdiction over the defendants and
the case was transferred to a federal district court with personal jurisdiction and proper venue.

[2]     Fastmobile also moved to dismiss certain counts of Plaintiff's Complaint for failure to state
a claim upon which relief can be granted [Doc. # 18].  Because the Court concludes that it
lacks personal jurisdiction over Fastmobile, the Rule 12(b)(6) motion is moot.

465, 469 (5th Cir. 2006). All undisputed facts submitted by the plaintiff and all facts disputed through affidavits must be resolved in favor of jurisdiction. *Id.* "The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful 'contacts, ties, or relations' with the forum state." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).

A defendant with "continuous and systematic general business contacts" with the forum state is subject to general personal jurisdiction, but where the contacts are less pervasive, the defendant may be subject to specific personal jurisdiction if the lawsuit arises out of or is related to the defendant's specific contacts with the forum state. *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)).

A.    **General Jurisdiction**

The uncontroverted evidence shows that Fastmobile has no customers, investors, board members, shareholders, officers, employees, contractors, or agents in Texas. Fastmobile does not have offices, bank accounts, business addresses, phone numbers, registered agents, or dealer networks in Texas. Fastmobile does not own or lease real or personal property in Texas. Fastmobile is not licensed to do business in Texas and has not licensed its software technology to any company in Texas. Fastmobile does not

have customers in Texas, and its customers outside the state of Texas do not offer or sell Fastmobile's products in Texas.  Fastmobile's direct contact with Plaintiff, a Texas resident, consists entirely of answering an unsolicited phone call from Plaintiff and responding to unsolicited emails from Plaintiff.

Plaintiff argues that there is personal jurisdiction over Fastmobile because Fastmobile maintains websites that are accessible in Texas.  *See* Plaintiff's Response [Doc. # 23], p. 6.  The Fifth Circuit uses a "sliding scale" approach to determine whether the operation of an internet website can support the exercise of personal jurisdiction over a non-resident defendant.  *See Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002); *Mink v. AAAA Development LLC*, 190 F.3d 333, 336 (5th Cir. 1999).  "A 'passive' website, one that merely allows the owner to post information on the internet, . . . will not be sufficient to establish personal jurisdiction."  *Revell*, 317 F.3d at 470. The nature of the defendant's website is considered as of the time the complaint is filed.  *See J-L Chieftan, Inc. v. Western Skyways, Inc.*, 351 F. Supp. 2d 587, 592 (E.D. Tex. 2004).  Although Fastmobile previously operated an e-commerce website[3], the uncontroverted evidence in this case shows that Fastmobile has operated only a passive website since May 2004, approximately eighteen months prior to the date Plaintiff filed

---

[3]      There is no evidence that Fastmobile sold any software or other products in Texas during the time it operated an e-commerce website.

this lawsuit.  Fastmobile's current websites provide only information and email links; they do not provide interactivity for website visitors to sell or purchase products or services.  Accordingly, Fastmobile's websites cannot provide the basis for general personal jurisdiction over Fastmobile.

Plaintiff also argues that the Court has general jurisdiction because Fastmobile does substantial business with companies such as IBM and Samsung, which do business in Texas.  The law in clear that "the proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity with which the defendant may be affiliated." *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 346 (5th Cir. 2004).  There is no evidence of any corporate affiliation between Fastmobile and the companies listed by Plaintiff.  In any event, personal jurisdiction over Fastmobile cannot be based on the contacts of other corporations, particularly those which merely do business with Fastmobile and are otherwise unrelated.

Fastmobile does not have "continuous and systematic general business contacts" with Texas that would permit this Court to exercise personal jurisdiction.

B.    **Specific Jurisdiction**

A federal court may exercise specific personal jurisdiction over a defendant within the confines of the United States Constitution only where "the defendant has

'minimum contacts' with the forum state such that imposing a judgment would not 'offend traditional notions of fair play and substantial justice.'" *See Luv n' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Int'l Shoe*, 326 U.S. at 316). The Fifth Circuit conducts the personal jurisdiction inquiry through "a convenient three-step analysis:"  (1) whether the defendant purposefully directed its activities toward or purposefully availed itself of the privileges of conducting activities in the forum state; (2) whether the plaintiff's cause of action arises out of those forum-related contacts; and (3) whether the Court's exercise of personal jurisdiction over the non-resident defendant would be fair and reasonable. *Id.*

Plaintiff argues summarily that the Court has specific jurisdiction over Fastmobile because its "contacts with the forum state of Texas arise from, or are directly related to, the cause of action, namely trademark infringement and the other causes of action complained of in Plaintiff's original complaint." *See* Plaintiff's Response, p. 9. As is discussed fully in the prior section, however, the uncontroverted evidence in the record shows that, at the time the Complaint was filed, Fastmobile had no contact with Texas other than responding to unsolicited communications from Plaintiff and operating a passive website. Neither this conduct, nor any other evidence, establishes that Fastmobile purposefully directed its activities toward Texas or purposefully availed itself of the privileges of conducting business in this state.

Accordingly, the exercise of personal jurisdiction over Fastmobile would not be fair and reasonable and would offend all notions of fair play and due process.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that it lacks both general and specific jurisdiction over Fastmobile.  Because neither party identifies an appropriate transferee court, the case will be dismissed without prejudice rather than transferred. Accordingly, it is hereby

**ORDERED** that Fastmobile's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 16] is **GRANTED**.  The Court will issue a separate dismissal order.

SIGNED at Houston, Texas, this **28th** day of **March, 2006.**

Nancy F. Atlas
United States District Judge